**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1022**

———————

DANIEL HARTONO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-196-048)

———————

Submitted: May 31, 2006          Decided: September 25, 2006

———————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

H. Raymond Fasano, MADEO & FASANO, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kristin K. Edison, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daniel Hartono, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture. Hartono claims substantial evidence supports the finding that there is a pattern or practice in Indonesia of persecuting Chinese Christians such as himself. We deny the petition for review.

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear of persecution standard contains both a subjective and an objective component. "An applicant may satisfy the subjective element by presenting 'candid, credible, and sincere testimony demonstrating a genuine fear of persecution.'" Chen v. INS, 195 F.3d 198, 201-02 (4th Cir.

- 2 -

1999) (quoting <u>Berroteran-Melendez v. INS</u>, 955 F.2d 1251, 1256 (9th Cir. 1992) (internal quotation marks omitted)).  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. <u>Huaman-Cornelio v. Board of Immigration Appeals</u>, 979 F.2d 995, 999 (4th Cir. 1992).  An alien need not provide evidence "that there is a reasonable possibility that he or she would be singled out individually for persecution" if he or she establishes there is a "pattern or practice in his country or her country of nationality" of persecution of a group of similarly situated persons.  8 C.F.R. § 1208.13(b)(2)(iii) (2005).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We will reverse the Board "only if 'the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"  <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting <u>Huaman-Cornelio</u>, 979 F.2d at 999 (internal quotation marks omitted)).

We find the evidence does not compel a different result.  Accordingly, we deny the petition for review.  We dispense with

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED